2007 WY 2

Jesse Matthew **MARTIN**, Appellant (Defendant),

v.

The **STATE** of **Wyoming**, Appellee (Plaintiff).

No. 05–188.

Supreme Court of Wyoming.

Jan. 10, 2007.

Representing Appellant: Ken Koski, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel; Diane E. Courselle, Director, DAP; Christopher G. Humphrey, Student Intern; Eang M. Man, Student Director, DAP. Argument by Ms. Man.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kyle R. Smith, Assistant Attorney General. Argument by Mr. Smith.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶1] A jury found Jesse Matthew Martin guilty of escape in violation of Wyo. Stat. Ann. § 7–18–112 and § 6–5–206(a)(ii) (LexisNexis 2006). On appeal, he claims the district court abused its discretion when it denied his motion for mistrial made after two witnesses for the State gave irrelevant and prejudicial testimony connecting him with methamphetamine use. He also claims the district court committed plain error in denying his motion for acquittal after the State allegedly failed to present sufficient evidence of escape. We hold the district court did not abuse its discretion or commit plain error and affirm the conviction.

## ISSUES

[¶2] Mr. Martin asks this Court to address the following issues:

I. Abuse of discretion occurred when the district court refused to grant a mistrial after statements made by two of the State's witnesses purported to connect Mr. Martin with methamphetamine use and severely prejudiced the jury against the defendant.

II. The district court committed plain error when it failed to direct a verdict of acquittal after the State failed to present sufficient evidence that Mr. Martin had left his place of employment.

The State asserts the district court properly denied the motions for mistrial and judgment of acquittal.

## FACTS

[¶3] Mr. Martin pleaded guilty to a misdemeanor charge and was sentenced to forty days in jail. He was held in jail until he was accepted into Community Alternatives of Casper (CAC) in Casper, Wyoming for service of the remainder of his sentence. He began his stay at CAC on July 9, 2004.

[¶4] CAC is a work release detention facility. Inmates accepted at CAC are required to obtain employment in the Casper area. They are also required to sign in and out of CAC, and to notify CAC of their whereabouts at all times.

[¶5] Mr. Martin obtained employment as a laborer with DLH, Inc. (DLH), a street repair company that performs seal coating, crack filling and striping. On July 19, 2004, DLH assigned Mr. Martin to work at the Pine Tree Condominiums. At approximately 9:30 a.m., he was instructed to take a spray tip used for striping parking lots to another DLH employee at a different work site. He drove a DLH truck to carry out this assignment.

[¶6] Don Humbree, the owner of DLH, arrived at the Pine Tree Condominiums work site at 10:00 a.m. on July 19. Mr. Martin and the DLH truck were gone. Mr. Humbree drove to the other work site where Mr. Martin had been sent and determined Mr. Martin had delivered the spray tip and left. Mr. Humbree returned to Pine Tree Condominiums around 10:30 a.m. and Mr. Martin had not returned. Mr. Humbree sent another worker out looking for him. The worker found the DLH truck parked along a street, but Mr. Martin was not with the truck.

[¶7] Mr. Humbree informed Maureen Humbree, his wife and co-owner of DLH, of Mr. Martin's absence. Between 12:30 and 1:00 p.m., Mrs. Humbree called CAC and reported Mr. Martin's absence. CAC placed Mr. Martin on escape status and reported the escape to the Natrona Country Sheriff's Office. When deputies arrived at the Pine Tree Condominiums later that afternoon, Mr. Martin had returned. He was arrested and charged with escape in violation of §§ 7–18–112 and 6–5–206(a)(ii).[1]

[¶8] On January 10, 2005, a jury trial commenced in the district court on the escape charge filed against Mr. Martin. The State called Helen Norcross, CAC case manager supervisor, to testify. During direct examination by the prosecutor, Ms. Norcross testified that Mr. Martin was sentenced to incarceration in CAC because of convictions for possession of controlled substances and a probation violation. Defense counsel objected to the testimony on relevancy grounds. The district court sustained the objection but did not instruct the jury to disregard the testimony. The prosecution then sought admission of the judgment and sentence reflecting the offenses for which Mr. Martin was convicted. Defense counsel again objected. The district court admitted the exhibit, but ordered the State to redact all references to the specific offenses before showing the document to the jury.

[¶9] The State also called Calvin Piper, an employee of DLH, to testify. Mr. Piper testified that Mr. Martin did not come to the Pine Tree Condominiums work site on the morning of the escape. Mr. Piper testified he heard that Mr. Martin went to a pharmacy and picked up syringes that morning. Defense counsel objected to the testimony as inadmissible hearsay and moved for a mistrial. The district court instructed the jury to disregard the testimony and proceeded with the trial, intending to hear argument on the mistrial motion later in the day.

[¶10] At the end of the day, the district court excused the jury and heard argument on the mistrial motion. The district court denied the motion, concluding the objectionable testimony was not sufficiently prejudicial to warrant a mistrial and the corrective measures taken adequately addressed the improper testimony. The trial continued, and at the close of the State's case, defense counsel moved for a judgment of acquittal on the grounds the State presented no evidence that Mr. Martin left his place of employment, proof of which was necessary for conviction of the crime of escape. The district court denied the motion, and the trial continued with presentation of evidence by the defense. The defense did not renew the motion for acquittal at the close of all of the evidence. The jury returned a verdict of guilty. The defense also did not renew its motion for acquittal after the verdict. The district court sentenced Mr. Martin to serve thirteen to twenty-four months in the Wyoming State Penitentiary with twenty-three days credit for time served.

## STANDARDS OF REVIEW

[¶11] We review claimed error in the denial of a motion for mistrial for abuse of discretion. *Thomas v. State*, 2006 WY 34, ¶10, 131 P.3d 348, 352 (Wyo.2006). In the present case, we review the claim of error in the denial of the motion for acquittal for

1. § 7–18–112. Escape.
   (a) An offender, parolee or an inmate is deemed guilty of escape from official detention and shall be punished as provided W.S. 6–5–206(a)(ii). if, without proper authorization, he:
      (i) Fails to remain within the extended limits of his confinement, or to return within the time prescribed to an adult community correctional facility to which he was assigned or transferred; or
      (ii) Being a participant in a program established under the provisions of this act he leaves his place of employment or fails or neglects to return to the adult community correctional facility within the time prescribed or when specifically ordered to do so.
   § 6–5–206. Escape from official detention; penalties.
   (a) A person commits a crime if he escapes from official detention. Escape is:
      * * *
      (ii) A felony punishable by imprisonment for not more than three (3) years, a fine of not more than three thousand dollars ($3,000.00), or both, if the detention is the result of:
         (A) A conviction for a misdemeanor;

plain error. *Farbotnik v. State*, 850 P.2d 594, 604 (Wyo.1993).[2]

## DISCUSSION

### 1. Denial of the Motion for Mistrial

[¶ 12] Mr. Martin claims the district court abused its discretion in denying his motion for mistrial after the two witnesses gave irrelevant, prejudicial testimony. The State contends there was no abuse of discretion because the testimony was not sufficiently prejudicial to warrant a mistrial and, in any event, the trial court took appropriate steps to cure any error. The State also asserts defense counsel approved the measures the district court took to correct any error and, having done so, cannot be heard to complain now. Additionally, the State contends Mr. Martin has failed to show the jury likely would have reached a different result but for the improper testimony.

[¶ 13] As stated above, the testimony that was the basis for the mistrial motion came from two witnesses: Ms. Norcross and Mr. Piper. During the prosecution's direct examination of Ms. Norcross, the following exchange occurred:

Q. [W]as Mr. Martin sentenced to CAC?

A. Yes, he was.

Q. And do you recall for what sentence?

A. He was sentenced—let me look here. It was for a—it was a misdemeanor on the county.

Q. And do you know which county that is?

A. Natrona County.

Q. And do you know what he was sentenced for?

A. Possession of controlled substance.

Q. Was there any other convictions?

A. Probation violation.

At this point, defense counsel objected on the grounds of relevancy and the district court sustained the objection.

[¶ 14] The prosecutor then asked Ms. Norcross to identify State's exhibit 3. Ms.

Norcross identified the document as a certified copy of the judgment and sentence leading to Mr. Martin's incarceration at CAC. The State offered the exhibit into evidence and defense counsel objected, again on the basis of relevancy. The State asserted that evidence of Mr. Martin's misdemeanor conviction was necessary to prove the elements of escape. The district court agreed that evidence of the misdemeanor conviction was necessary, but concluded evidence of the specific offenses was not relevant. The court ruled the exhibit would be admitted into evidence with all references to the offenses redacted. Defense counsel reiterated his concern. The district court stated:

Well, I'm going to redact the nature of the offense. I don't think the nature of the offense other than it was a misdemeanor is relevant. He was sentenced on a misdemeanor to CAC. That's the extent of the relevance.

Unless you can—unless there's some other reason for that to come in, I don't want to have any—obviously, the jury would be instructed they are to disregard the underlying violation other than to the extent that he was sentenced there for that. But the nature of that violation is not relevant. And I find that the probative value outweighs the undue prejudice that it could cause.

[¶ 15] The district court directed that certain lines be redacted from the judgment and sentence and asked defense counsel whether anything else needed to be redacted. Defense counsel responded, "I don't believe so, your honor." The district court stated it would admit the document subject to the redaction, but it could not be published to the jury until the redaction had been completed. The district court asked counsel if that sounded appropriate and defense counsel responded, "That does sound appropriate."

[¶ 16] Later, the State called Mr. Piper to testify. He testified he was working for DLH on July 19, 2004; he picked up Mr. Martin at CAC that morning and they drove to the shop and then to the foreman's house;

---

**2.** The plain error test is applied on appeal from the denial of a motion for judgment of acquittal when the defendant failed to renew the motion at the close of all of the evidence or after the jury returned its verdict. *Id.*

when he left the foreman's house for the work site, Mr. Martin did not go with him but went to a pharmacy. The following exchange occurred later in Mr. Piper's testimony:

Q. Did Martin go to the site with you? Did you see him arrive shortly after you did?

A. He didn't—he didn't come up to the site that morning, though.

Q. Okay. Did you see where he went?

A. I heard where he was going. We all talked about it.

Q. Okay.

A. And that was to go to the pharmacy and pick up some syringes.

[¶ 17] Defense counsel objected on hearsay grounds. Counsel approached the bench and defense counsel repeated his hearsay objection. The State responded: "Well, I did ask him [Mr. Piper] if he knew where he [Mr. Martin] went, and he [Mr. Piper] said it was hearsay and there was no objection." The district court interrupted, indicating it would strike the reference to syringes. Defense counsel asked for a mistrial. The district court stated it would instruct the jury to disregard Mr. Piper's testimony and take up the mistrial motion at the end of the day. The district court proceeded accordingly to instruct the jury to disregard the witness's response and the trial continued.

[¶ 18] Later that afternoon, after excusing the jury, the district court heard argument on the mistrial motion. Defense counsel argued a mistrial was necessary because together Ms. Norcross's testimony concerning a controlled substances conviction and Mr. Piper's testimony concerning syringes were extremely prejudicial and would lead the jury to believe Mr. Martin was engaged in illegal behavior on the afternoon of the alleged escape. The State argued the testimony was not sufficiently prejudicial to warrant a mistrial and, in any event, the district court had taken adequate steps to cure any prejudice by instructing the jury to disregard Mr. Piper's response and ordering redaction of the judgment and sentence. Concluding the testimony was not sufficiently prejudicial to warrant a mistrial and the curative steps

taken adequately addressed any potential prejudice, the district court denied the motion.

[¶ 19] The decision whether to grant a mistrial because of improper testimony from a witness depends on the circumstances of each case. *Ramirez v. State,* 739 P.2d 1214, 1219 (Wyo.1987). The decision is necessarily a discretionary one because a trial court is in a better position than a reviewing court to assess the potential for prejudicial impact. *Id.* A trial court abuses its discretion when it could not have reasonably concluded as it did. *Thomas,* ¶ 10, 131 P.3d at 352. "Reasonably" means sound judgment exercised with regard to what is right under the circumstances. *Id.* Absent a clear abuse of discretion causing prejudice to the defendant, a decision to deny a motion for mistrial will not be reversed. *Allen v. State,* 2002 WY 48, ¶ 75, 43 P.3d 551, 575 (Wyo.2002).

[¶ 20] Applying these standards, we hold the district court did not abuse its discretion in denying the motion for mistrial. Although the testimony giving rise to the motion was improper, we agree with the district court that the testimony, considered cumulatively, did not warrant a mistrial, particularly in light of the actions taken to cure any potential prejudice which otherwise may have resulted.

[¶ 21] After Ms. Norcross's testimony, the district court sustained defense counsel's objection and ordered redaction of the judgment and sentence before presenting it to the jury. By these actions, the district court made it clear Mr. Martin's misdemeanor conviction was relevant, but the particular offense leading to the conviction was not relevant. In addition to these curative steps, the district court instructed the jury before it began deliberations on the elements of the crime of escape from official detention:

1. On or about the 19th day of July, 2004,

2. In Natrona County, Wyoming,

3. The Defendant, Jesse Matthew Martin,

4. While an offender in official detention,

5. Did unlawfully and without proper authorization,

6. Leave his place of employment.

The jury was further instructed:

"Official Detention" means detention in a facility for custody of persons under charge or conviction of a crime or detention in any manner and in any place for law enforcement purposes.

The jury was also instructed:

"Offender" means an adult who has entered a plea of guilty or has been convicted of a misdemeanor punishable by imprisonment.

These instructions emphasized what the district court previously indicated by ordering redaction of the judgment, i.e., Mr. Martin's misdemeanor conviction was relevant; however, the particular offense leading to the conviction was not relevant. We presume the jury followed these instructions. *Allen*, ¶ 76, 43 P.3d at 575–76.

[¶ 22] After Mr. Piper's testimony, the district court instructed the jury to disregard the improper statement. By this instruction, the district court made it clear the testimony was not to be considered in determining whether the State proved the elements of escape beyond a reasonable doubt. Again, we presume the jury followed the court's instructions.

■ [¶ 23] The improper testimony from Ms. Norcross and Mr. Piper was isolated and brief. The district court recognized it as improper and took action to cure it. In exercising its discretion, the district court determined the better approach to addressing Ms. Norcross's testimony was to sustain the objection and order redaction of the judgment and sentence. Our task is not to second guess the district court's decision, but to determine whether it "exercised sound judgment with regard to what was right under the circumstances." We conclude the district court's decision to sustain the objection and redact the document satisfied this test. We are unwilling, and in fact unable, to conclude in hindsight based solely on a review of the written transcript that the better course would have been for the district court to instruct the jurors to disregard the testimony and thereby possibly re-focus their attention on the irrelevant and improper testi-

mony that suggested Mr. Martin had been convicted of possession of illegal substances and violation of his probation. This is precisely the sort of decision that must be entrusted to the trial court for determination based upon the circumstances existing in the courtroom at the time the testimony is presented.

[¶ 24] In his argument before this Court, Mr. Martin relies heavily on *Miller v. State*, 904 P.2d 344 (Wyo.1995) to support his claim that a mistrial was required. Mr. Miller was charged with conspiracy to kidnap. During *voir dire* in the presence of the whole jury panel, a potential juror stated in response to questioning that he previously had been the victim of the crime of horse stealing. Upon being asked whether the horse stealing incident had anything to do with Mr. Miller, the potential juror responded affirmatively. Defense counsel moved for a mistrial on the ground the statement irreparably prejudiced Mr. Miller's right to a fair trial because it suggested he had committed another crime. The trial court denied the motion. On appeal, this Court concluded unfair prejudice must be presumed from the jury panel's exposure to information linking the accused to another crime. We said a constitutional presumption of unfair bias meant the jury panel was adjudged incapable of fairly judging the evidence. On that basis, we held the trial court abused its discretion in denying the mistrial motion.

[¶ 25] In the present case, unlike in *Miller*, the State was required to prove Mr. Martin was an "offender, parolee or inmate" in order to prove the crime of escape. Section 7-18-112. Under this particular circumstance, the doctrine of unfair prejudice from evidence linking the accused to another crime simply does not apply. The only question before us in this particular case is whether the trial court abused its discretion in denying the mistrial motion after the jury heard not only that Mr. Martin was an offender, but also testimony concerning his specific offenses. As explained in the preceding paragraphs, we hold the trial court did not abuse its discretion.

■ [¶ 26] The issue of Mr. Piper's testimony requires discussion of an additional

matter. At the time the testimony was presented, defense counsel objected on the basis of inadmissible hearsay. Later, during the hearing on the mistrial motion, defense counsel hinted at the possibility of prosecutorial misconduct as a basis for a mistrial by asserting the State should have cautioned Mr. Piper against offering hearsay testimony. Counsel for the State responded that she had advised Mr. Piper she "would not be able to elicit hearsay testimony from him. He was limited to information that he knew." Counsel for the State also stated:

And if I recall correctly, when Mr. Piper testified, I asked if he knew where Mr. Martin had went; he said it was based on hearsay, and there was a pause, and no objection. And, unfortunately, that's when he then jumped in on the syringes. He was instructed not to bring up information on hearsay.

I can't control responses.

[¶ 27] Thereafter, in ruling on the mistrial motion, the district court expressly rejected prosecutorial misconduct as a basis for a mistrial. The court stated:

There's no—whether it's involving an alleged prosecutorial misconduct or not. First, let me make it clear, I don't believe there's any prosecutorial misconduct here.

The statement as to what he was doing was not elicited by [the State]. It was a spontaneous statement by the witness.

Now, on appeal, Mr. Martin asserts Mr. Piper's testimony was the result of prosecutorial misconduct which should have resulted in a mistrial and the district court's conclusion to the contrary was an abuse of discretion. Ordinarily, we decline to address issues raised by a party for the first time on appeal. In this instance, however, we consider the issue of prosecutorial misconduct as a basis for a mistrial because it was directly addressed by the district court. As with denials of other mistrial motions, we review the denial of a mistrial motion stemming from alleged prosecutorial misconduct for abuse of discretion. *Lucero v. State,* 14 P.3d 920, 924 (Wyo.2000).

[¶ 28] The prosecutor asked Mr. Piper if he saw where Mr. Martin went. The question called for a yes or no answer. Mr. Piper responded he heard where Mr. Martin was

going and then went on to state specifically what he heard. His testimony was not responsive to the prosecutor's question. There is no evidence in the record from which we can conclude the prosecutor reasonably should have anticipated this non-responsive answer. The prosecutor told the district court she had advised Mr. Piper he was to testify only to matters within his own knowledge. The district court specifically determined the testimony was not elicited by the State and was instead a spontaneous statement by the witness. The district court was in a better position than we are to make that determination. There is nothing in the record to support a conclusion that the district court's determination was unreasonable. Additionally, the district court immediately instructed the jury to disregard the testimony.

[¶ 29] The district court reasonably concluded the testimony of Ms. Norcross and Mr. Piper was improper, took reasonable steps to correct the error and, having done so, reasonably concluded the testimony did not warrant a mistrial. There was no abuse of discretion in denying the mistrial motion.

### 2. Denial of the Motion for Judgment of Acquittal

[¶ 30] Mr. Martin contends the district court committed plain error when it denied his motion for judgment of acquittal because the State did not prove all of the elements necessary for conviction of escape. Specifically, he claims the State failed to prove he left his place of employment. Mr. Martin also contends the evidence the State relied upon, i.e., that he violated CAC policy and alleged statements he made, did not prove he committed the crime of escape. The State asserts the evidence was sufficient to enable the jury to conclude all of the elements of escape were proven beyond a reasonable doubt.

[¶ 31] Plain error occurs when: 1) the incident alleged as error clearly appears in the record; 2) the party claiming plain error demonstrates that a clear and unequivocal rule of law was violated; and 3) the party demonstrates he has been denied a substantial right resulting in material preju-

dice. *Bolin v. State*, 2006 WY 77, ¶ 7, 137 P.3d 136, 140 (Wyo.2006). Focusing on the second prong of the plain error test, the clear and unequivocal rule of law that Mr. Martin claims was violated is W.R.Cr.P. 29, which requires a trial court to order entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. Thus, the question we must decide is whether the trial court violated Rule 29 by denying the motion. In order to answer that question, we must determine whether sufficient evidence was presented to sustain a conviction.

[¶ 32] In reviewing the sufficiency of the evidence in the context of a denial of a motion for judgment of acquittal, we examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. *Butcher v. State*, 2005 WY 146, ¶ 16, 123 P.3d 543, 549 (Wyo.2005). We do not consider conflicting evidence presented by the defendant. *Id.* We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. *Id.* This standard applies whether the supporting evidence is direct or circumstantial. *Id.*

[¶ 33] The State presented the following evidence to show Mr. Martin left his place of employment: Mr. Martin was not at his work site and could not be located between the hours of 10:30 a.m. and 3:00 p.m. on July 19; the truck he was driving when he was last seen at around 10:00 that morning was found abandoned between the two DLH work sites; Mr. Martin originally told DLH he was pulled over and arrested by the police as he was driving back to his work site and was later released; Mr. Martin then changed his story and said the truck had overheated, he waited to try to re-start it and, when it still would not start, he walked back to his work site.

[¶ 34] Considering this evidence, we conclude Mr. Martin has failed to show plain error in the district court's denial of his motion for acquittal. Specifically, he has failed to demonstrate the district court violated a clear and unequivocal rule of law when it denied the motion. Wyoming law clearly authorizes entry of a judgment of acquittal only when the evidence is insufficient to sustain a conviction. In Mr. Martin's case, the evidence was sufficient to sustain a conviction. Although there was no direct evidence of where he was during the hours he was missing from the work site, the circumstantial evidence was sufficient to allow a jury to conclude beyond a reasonable doubt that Mr. Martin left his place of employment. That is the only element of escape Mr. Martin contends was not proven. The district court did not commit plain error in denying the motion for judgment of acquittal.

[¶ 35] Affirmed.