2009 WY 119

**Denise L. ANDERSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–09–0005.**

Supreme Court of Wyoming.

Sept. 29, 2009.

Representing Appellant: Diane Lozano, State Public Defender, PDP, Tina Kerin, Appellate Counsel, David E. Westling, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A Salzburg, Wyoming Attorney General, Terry L. Armi-tage, Deputy Attorney General, D. Michael Pauling, Senior Assistant Attorney General, Jenny L. Craig, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1] Denise Anderson challenges her convictions on three counts of delivering marijuana to minors. She argues the State did not present sufficient evidence for the jury to conclude that she actually delivered the controlled substances to the minors. Applying our standard of review, we conclude the evidence, together with the reasonable inferences flowing from it, was sufficient to support the jury's verdicts.

[¶ 2] We affirm.

## ISSUE

[¶ 3] Ms. Anderson phrases the issue as:

I. Did the State fail to establish a prima facie case of delivery and did that failure amount to insufficient evidence to support the conviction?

The State's statement of the issue is similar.

## FACTS

[¶ 4] On December 15, 2007, three Gillette police officers responded to a report that the odor of burning marijuana was emanating from an apartment and minors were present. The officers located three juvenile males in one bedroom of the apartment and Ms. Anderson in another bedroom. Ms. Anderson produced a number of items from her bedroom, including drug paraphernalia and a small amount of marijuana.

[¶ 5] The officers issued a citation to Ms. Anderson for possession of a controlled substance and citations to the three minors for using a controlled substance. Later, the State filed an information charging Ms. Anderson with three felony counts of delivery of a controlled substance to a minor in violation of Wyo. Stat. Ann. §§ 35–7–1036(a) (LexisNexis 2009) and 35–7–1031(a)(ii) (LexisNexis 2009).[1] Ms. Anderson pleaded not

---

1. Section 35–7–1036 states in pertinent part:

(a) Any person eighteen (18) years of age or

guilty to the felony charges and the matter went to trial before a jury on June 30, 2008. The jury returned guilty verdicts on all three counts and the district court entered judgment on the jury's verdicts. After the district court sentenced Ms. Anderson, she appealed.

## STANDARD OF REVIEW

[¶ 6] In determining whether there was sufficient trial evidence to sustain a jury's conviction, we apply the following standard of review:

> In reviewing the sufficiency of the evidence ..., we examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. We do not consider conflicting evidence presented by the defendant. We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. This standard applies whether the supporting evidence is direct or circumstantial.

*Martin v. State,* 2007 WY 2, ¶ 32, 149 P.3d 707, 715 (Wyo.2007), citing *Butcher v. State,* 2005 WY 146, ¶ 16, 123 P.3d 543, 549 (Wyo.2005). *See also, Garay v. State,* 2007 WY 130, ¶ 2, 165 P.3d 99, 100 (Wyo.2007).

## DISCUSSION

[¶ 7] Section 35–7–1036 establishes enhanced penalties for adults who distribute controlled substances to minors. *See, Roeschlein v. State,* 2007 WY 156, ¶ 25, 168 P.3d 468, 475 (Wyo.2007). "Distribute means to deliver other than by administering or dispensing a controlled substance." Wyo. Stat. Ann. § 35–7–1002(a)(ix) (LexisNexis 2007). Section 35–7–1002(a)(vi) defines "deliver" or "delivery" as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Thus, delivery can be accomplished by sharing or giving controlled substances to another. *See, e.g., Roeschlein,* ¶ 8, 168 P.3d at 471. Ms. Anderson maintains the State did not present sufficient evidence to establish that she delivered marijuana to the minors.

[¶ 8] Corporal Adam Edmondson testified at trial that, on December 15, 2007, at approximately 10:45 p.m., he and Officers Zach Parker and Liz Beeman responded to a report that the odor of burning marijuana was coming from an apartment in Gillette and minors were present. David Bertsch answered the door and Corporal Edmondson smelled burning marijuana and observed that it was very hazy and smoky in the apartment. Corporal Edmondson stated that he asked Mr. Bertsch if people were using marijuana in the apartment, and he responded, "they should not be."

over who violates W.S. 35–7–1031(a) by distributing methamphetamine or a controlled substance listed in Schedules I or II which is a narcotic drug to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by the fine authorized by W.S. 35–7–1031(a)(i), by a term of imprisonment of up to twice that authorized by W.S. 35–7–1031(a)(i), or both. Any person eighteen (18) years of age or over who violates W.S. 35–7–1031(a) by distributing any other controlled substance listed in Schedules I, II, III, to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by the fine authorized by W.S. 35–7–1031(a)(ii), by a term of imprisonment up to twice that authorized by W.S. 35–7–1031(a)(ii), or both. Any person eighteen (18) years of age or over who violates W.S. 35–7–1031(a) by distributing any controlled substance listed in Schedule IV to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by the fine authorized by

W.S. 35–7–1031(a)(iii), by a term of imprisonment up to twice that authorized by W.S. 35–7–1031(a)(iii), or both. Any person eighteen (18) years of age or over who violates W.S. 35–7–1031(a) by distributing any controlled substance listed in Schedule V to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by the fine authorized by W.S. 35–7–1031(a)(iv), by a term of imprisonment up to twice that authorized by W.S. 35–7–1031(a)(iv), or both. Section 35–7–1031(a)(ii) states:

(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

. . . .

(ii) Any other controlled substance classified in Schedule I, II or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten (10) years, fined not more than ten thousand dollars ($10,000.00), or both[.]

[¶ 9] After the officers brought Ms. Anderson and the three minors into the living room, Corporal Edmondson informed Mr. Bertsch that "it was . . . obvious that there was marijuana being smoked in the apartment and asked him if he was willing to cooperate with our investigation and show me where the remaining marijuana was." Corporal Edmondson stated that "[Mr. Bertsch] informed me that he did not have any marijuana himself but they were smoking marijuana." At that point, Ms. Anderson went into her bedroom and retrieved a wooden box containing a small amount of marijuana and other paraphernalia. Corporal Edmondson testified that Ms. Anderson stated that "they had smoked a couple of roaches" and the marijuana that had been smoked that evening came from her supply in the wooden box.

[¶ 10] Ms. Anderson argues that the officer's use of the term "they" was vague and failed to sufficiently identify the minors as smoking marijuana. She claims that, without evidence the minors were smoking marijuana, there was no evidence that she delivered controlled substances to them that evening. Ms. Anderson's argument is effectively refuted by other parts of Corporal Edmondson's testimony. The officer stated:

Q. Now, did you ask anyone if they had smoked marijuana?

A. I asked—prior to David Bertsch had told me they were smoking marijuana. When all parties were brought out into the living room, I again asked was everyone smoking marijuana in here.

Q. And did Ms. Anderson reply?

A. Yes, she did.

Q. What did she say?

A. She looked at the three males, the juveniles, and told them to go ahead and tell the truth

Q. All right. Did she say anything to you?

A. She did not say anything to me at that time.

Q. Okay. What happened after—well, I assume that—let me back up here. After Denise Anderson asked the three juveniles to tell the truth, did you have conversations with them?

A. A brief conversation. I was awaiting their answer and they all stated, yes, they did smoke marijuana.

[¶ 11] Ms. Anderson claims this exchange did not establish when or where the minors had smoked marijuana and, consequently, did not prove that she provided marijuana to them. Our standard of review mandates that we consider the evidence in the light most favorable to the jury's verdict. Obviously, a reasonable interpretation of this exchange was that the juveniles admitted to smoking marijuana at Ms. Anderson's residence just prior to the officers' arrival. Since Ms. Anderson admitted that the marijuana that had been smoked was from her supply, it was reasonable for the jury to conclude that she had provided the marijuana to the minors. This interpretation is corroborated by the testimony of Officer Parker, who stated: "[Ms. Anderson] admitted that the marijuana was hers and that they all smoked it in the apartment prior to our arrival."

[¶ 12] Ms. Anderson emphasizes the fact that the officers stated, on cross examination, that they could not remember the exact words used by the witnesses and they did not record the conversations or take notes of the interviews that night. "[I]t is the jury's responsibility to weigh the evidence, assess the credibility of the witnesses and resolve conflicts in the evidence, and we will not substitute our judgment for that of the jury." *Creecy v. State*, 2009 WY 89, ¶ 28, 210 P.3d 1089, 1096 (Wyo.2009), citing *Magallanes v. State*, 2006 WY 119, ¶ 11, 142 P.3d 1147, 1151 (Wyo.2006). By returning guilty verdicts, the jury obviously concluded that the officers were credible and their recollection of the night's events was accurate. It is not our role to second guess the jury's decisions as to the credibility of the witnesses or the weight of the evidence.

[¶ 13] Ms. Anderson also suggests that the evidence was insufficient because the three minors testified in her defense at trial and denied smoking marijuana at her residence on that night. As we stated earlier, the jury was charged with determining the credibility of the witnesses and weighing the

evidence; on appeal, we disregard evidence presented by the defendant. The jury heard Corporal Edmondson's testimony that the minors admitted to smoking marijuana and the minors' conflicting trial testimony. We accept the jury's decision to give greater credence to Corporal Edmondson's statements than to the minors' testimony.

[¶ 14] Ms. Anderson contends that, in order to convict her, the jury had to infer that she was the only one with marijuana at the residence that night. She claims such an inference was not reasonable and amounted to speculation because the officers did not search the minors or Mr. Bertsch and, consequently, had no way of knowing whether they had provided the marijuana. A jury's inferences must, of course, be based upon more than mere speculation or conjecture. *See, e.g., Seeley v. State,* 959 P.2d 170, 175–76 (Wyo.1998). However, as we have said, a jury is entitled to rely upon reasonable inferences in evaluating the evidence. Applying our standard of review, the evidence supported the conclusion that Ms. Anderson supplied the marijuana because Corporal Edmondson and Officer Parker both testified that she admitted the marijuana smoked in the apartment that night belonged to her. It was entirely appropriate for the jury to conclude, based upon the evidence presented and the reasonable inferences which flowed from it, that the minors had smoked marijuana in the apartment that night and Ms. Anderson provided the marijuana to them.

[¶ 15] Affirmed.