2011 WY 153

Marvin TILLEY, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Marvin Tilley, Appellant (Defendant),

v.

The State of Wyoming, Appellee
(Plaintiff).

Nos. S–11–0098, S–11–0099.

Supreme Court of Wyoming.

Nov. 8, 2011.

Representing Appellant: James P. Castberg, Castberg Law Office, Sheridan, Wyoming.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

KITE, Chief Justice.

[¶ 1]   In these consolidated appeals, Mr. Tilley challenges the sufficiency of the evidence to convict him of six counts of sexual assault committed years ago against four different victims and one count of aggravated burglary against one of the victims.  We conclude the State presented sufficient evidence to support the convictions and, therefore, affirm.

## ISSUE

[¶ 2]   Mr. Tilley presents the following issue, phrased as a statement:

The State failed to present sufficient evidence during the trial to prove the essen-

tial elements of the crimes which would cause the jury to find guilt beyond a reasonable doubt.

The State phrases the issue as:

> Did the State present sufficient evidence at Tilley's trial for the jury to find him guilty beyond a reasonable doubt of all sexual assault charges and of aggravated burglary?

## FACTS

[¶ 3] While investigating other incidents, a Big Horn County law enforcement officer learned that several victims claimed Mr. Tilley had sexually assaulted them many years earlier. In 2009, the State charged Mr. Tilley with two counts of first degree sexual assault of AF in late 1980/early 1981 (Wyo. Stat.Ann. § 6–4–302(a)(i) (Michie 1977));[1] one count of first degree rape and one count of immoral acts with a child, GB, in 1976 (Wyo.Stat.Ann. § 6–63(A) (Michie 1957) and Wyo. Stat. Ann. § 14–28 (Michie 1957), respectively); and two counts of immoral acts with a child, SK, in 1974 or 1975 (Wyo. Stat. Ann. § 14–28 (Michie 1957)). In 2010, the State charged Mr. Tilley, under a different docket number, with one count of first degree sexual assault of MKJ and one count of aggravated burglary of her residence in 1984 (Wyo.Stat.Ann. § 6–4–302(a)(i) (Michie 1977) and Wyo. Stat. Ann. § 6–3–301(a) (Michie 1983), respectively). The cases were joined for trial.

[¶ 4] At the conclusion of a six day trial, the jury found Mr. Tilley guilty of all counts. The district court subsequently sentenced Mr. Tilley to a lengthy period of incarceration. Mr. Tilley appealed, challenging the sufficiency of the evidence to convict him. More facts will be described in the discussion of the issue on appeal.

## STANDARD OF REVIEW

[¶ 5] This Court applies the following standard of review to claims that the evidence was insufficient to support a criminal conviction:

> [W]e examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it. We do not consider conflicting evidence presented by the defendant. We do not substitute our judgment for that of the jury; rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt. This standard applies whether the supporting evidence is direct or circumstantial.

*Anderson v. State,* 2009 WY 119, ¶ 6, 216 P.3d 1143, 1145 (Wyo.2009), quoting *Martin v. State,* 2007 WY 2, ¶ 32, 149 P.3d 707, 715 (Wyo.2007) [*abrogated on other grounds by Granzer v. State,* 2010 WY 130, 239 P.3d 640 (Wyo.2010) ].

*Dawes v. State,* 2010 WY 113, ¶ 17, 236 P.3d 303, 307 (Wyo.2010). *See also Dawes v. State,* 2011 WY 47, ¶ 30, 249 P.3d 250, 259 (Wyo.2011).

## DISCUSSION

[¶ 6] Before getting into the specifics of the evidence on each count, we address a general issue raised by Mr. Tilley. He claims that, because the victims were unable to name a precise date for the crimes, the evidence was insufficient to convict him. We want to be clear that Mr. Tilley does not challenge the charging documents as failing to give him fair notice of the charges against him. In this respect, the present case differs from cases like *Vernier v. State,* 909 P.2d 1344 (Wyo.1996) and *Stewart v. State,* 724 P.2d 439 (Wyo.1986) in which the defendants claimed the charging documents were insufficiently detailed to allow them to defend against the charges because they stated general time periods as opposed to specific dates of the crimes. "We have said that where the specific date is not a requirement of the crime, alleging a general time period in lieu of a specific date is sufficient to give a defendant notice and allow him to adequately prepare a defense." *Stewart,* 724 P.2d at 441. *See also Vernier,* 909 P.2d at 1351. This rule has largely been applied in child sexual assault cases because children cannot be expected to remember exact dates and times.

1. One of the counts involving AF was dismissed by the State prior to trial.

*Id.* In this case, all of the victims except MKJ were minors at the time of the assaults; consequently, even if Mr. Tilley had challenged the sufficiency of the charging documents on the basis of indefiniteness of the date of the assaults, his challenge likely would not have been successful. In view of the fact that he also does not challenge the lack of specificity of the information charging him with sexual assault of MKJ, who was not a minor, and burglary of her residence, we do not need to determine whether those charges were suitably precise or not.

▪ [¶ 7] Mr. Tilley also argues, in general, that the fact the crimes occurred so long ago and were not reported or prosecuted earlier "should in and of itself [have] brought a serious question of guilt beyond a reasonable doubt to the trier of fact—the jury." Wyoming has no statute of limitations on sexual assault, or any crimes, for that matter. *See, e.g., Bush v. State,* 2008 WY 108, ¶ 73, 193 P.3d 203, 221 (Wyo.2008); *Vernier,* 909 P.2d at 1348. Mr. Tilley does not claim that his due process rights were violated by the delay in prosecuting him; consequently, the question turns on the credibility of the witnesses and their memories. As we explained in *Fortner v. State,* 843 P.2d 1139, 1143 (Wyo.1992):

> "Delay is a two-edged sword. It is the Government that bears the burden of proving its case beyond a reasonable doubt. The passage of time may make it difficult or impossible for the Government to carry this burden."

(citations omitted). Although the passage of time may make it more difficult for the State to prove its case, a lengthy period between commission of the crime and prosecution is by no means fatal to a conviction when the witnesses are credible and the evidence is sufficient. Those determinations are for the jury acting as the trier of fact. *Anderson v. State,* 2009 WY 119, ¶ 12, 216 P.3d 1143, 1146 (Wyo.2009).

[¶ 8] We turn now to the specific charges and the evidence presented at trial. The jury convicted Mr. Tilley of one count of first degree sexual assault against AF. The jury instruction setting out the elements of the crime stated:

The elements of the crime of Sexual Assault in the First Degree . . . are:

1. During the late winter months of 1980 and early spring months prior to April, 1981
2. in Big Horn County, Wyoming,
3. MARVIN TILLEY, the Defendant,
4. did inflict sexual intrusion (oral sex) on [AF]
5. through the actual application of physical force or forcible confinement
6. which the Defendant reasonably calculated would cause submission of [AF].

The jury was further instructed:

Sexual intrusion means:

a. Any intrusion, however slight, by any object or any part of a person's body, except the mouth, tongue or penis, into the genital or anal opening of another person's body if that sexual intrusion can reasonably be construed as being for the purposes of sexual arousal, gratification or abuse;

OR

b. Sexual intercourse, cunnilingus, fellatio, analingus or anal intercourse with or without emission.

▪ [¶ 9] AF testified that in December 1980, when she was a 17 year old senior in high school, she became engaged to SY, who was Mr. Tilley's brother-in-law. At that time, SY was employed by Mr. Tilley. AF testified that after her engagement but prior to her marriage to SY on April 2, 1981, Mr. Tilley picked her up from school and took her out of town on some dirt roads. He told her that she "owed" him because, if it were not for him, SY would not have a job and she would not have an engagement ring. She testified that he pulled his pants down and asked her to "touch him." She stated that he forced her head down and pushed his penis into her mouth.

[¶ 10] AF's testimony placed the sexual assault squarely within the period of time included in the elements instruction. The evidence was, therefore, sufficient as to the date of the sexual assault. Mr. Tilley also claims that AF voluntarily "went with" him, indicating that she consented to the sexual

act. Her testimony, when viewed in the light most favorable to the State, controverts Mr. Tilley's stance. She testified that he compelled her to perform oral sex upon him by using physical force. This evidence was sufficient to establish that AF did not consent to the sexual act and Mr. Tilley inflicted sexual intrusion upon her through the application of physical force.

[¶ 11] Mr. Tilley also focuses upon some evidence about punishment imposed by the LDS church upon both AF and Mr. Tilley. AF testified that she was "excommunicated" after a hearing in "church court" for her part in the sexual relationship with Mr. Tilley.[2] She stated that he was "disfellowshipped," suggesting that her punishment was greater than his, although the meaning of the church disciplinary terms is not fully fleshed out in the record. On appeal, Mr. Tilley argues that "[c]ommon sense would lead to the conclusion that the party who had the greatest guilt would receive the more severe punishment, i.e., in this instance the alleged victim." First, we note that the "church court" evidence was a very minor part of the total case involving AF and the jury was entitled to give it whatever weight it deemed proper. In addition, both Mr. Tilley and his wife testified that Mr. Tilley had, in fact, been excommunicated from the LDS church as a result of his sexual encounters with AF. Thus, Mr. Tilley's own testimony refutes his appellate argument.

[¶ 12] The jury also convicted Mr. Tilley of first degree sexual assault against MKJ and aggravated burglary of her residence. The jury was charged as follows:

The elements of the crime of Sexual Assault in the First Degree ... are:

1. Between the months of May and September, 1984,
2. in Big Horn County, Wyoming,
3. MARVIN TILLEY, the Defendant,
4. inflicted sexual intrusion on [MKJ]
5. through the actual application of physical force or forcible confinement

6. which the Defendant reasonably calculated would cause submission of [MKJ].

The elements of the crime of Burglary[3] ... are:

1. Between the months of May and September, 1984,
2. in Big Horn County, Wyoming,
3. MARVIN TILLEY, the Defendant,
4. did enter [MKJ's] residence
5. without authority
6. with intent to commit First Degree Sexual Assault.

[¶ 13] MKJ was married to Mr. Tilley's brother. She testified that late one night in the summer of 1984, she was home with their children while her husband was at work. The night was hot, so the main door was open, but the screen door was closed and locked with a hook latch. The children were asleep and MKJ was folding laundry at a table in the living room when Mr. Tilley arrived at the door and asked to come in. She told him to go away because she had been uncomfortable in his presence at other times. He forced the screen door open, came into the house, pushed her down onto the floor, forcibly removed her clothes and had sexual intercourse with her.

[¶ 14] After Mr. Tilley left, MKJ called her mother, who lived in Billings, Montana, and told her that Mr. Tilley had broken into the house and assaulted her. MKJ's mother testified at trial and confirmed that MKJ had called and told her she had been assaulted. The mother stated that she told MKJ the assault needed to be reported to the police. MKJ called the police and went to the hospital. Although the hospital records could not be located, MKJ recalled that a doctor performed an examination and took samples of pubic hair and semen. MKJ testified that the doctor observed vaginal tears, bruises on her legs and rug burns on her back. The police records for the 1984 incident could not be located; however, a woman who formerly worked as a dispatcher and matron at the

---

2. The trial evidence described other sexual encounters between Mr. Tilley and AF. The "church court" hearing apparently addressed the other acts, as well.

3. Mr. Tilley makes no claim that the jury was incorrectly instructed because the instruction refers to "burglary" rather than the charged crime, "aggravated burglary."

Big Horn County Sheriff's Office confirmed that, in the early 1980s, she had transcribed tapes of interviews concerning the assault of MKJ.

[¶ 15] MKJ's ex-husband (Mr. Tilley's brother) testified that one evening in the summer of 1984, MKJ had called him at work and told him that Mr. Tilley had "forced himself on her." He denied that she went to the hospital, that the police were contacted, or that there were any marks on her body. MKJ testified that Mr. Tilley's parents asked her not to pursue the criminal matter because it would hurt their family, so Mr. Tilley was not prosecuted at the time. MKJ and her husband divorced shortly after the assault.

[¶ 16] Mr. Tilley maintains that MKJ's ex-husband's testimony was helpful to his defense because it disputed the other witnesses' testimony that the police were summoned, MKJ went to the hospital and she was injured. However, when the evidence is considered in the light most favorable to the State, the testimony actually corroborated MKJ's claim that she had been assaulted by Mr. Tilley that night. Our review of the record confirms that the jury could have reasonably concluded that in the summer of 1984 Mr. Tilley entered MKJ's residence without authority with intent to commit sexual assault and he inflicted sexual intrusion (intercourse) upon her through the actual application of physical force. The evidence was clearly sufficient to support Mr. Tilley's convictions for aggravated burglary and first degree sexual assault of MKJ.

[¶ 17] The jury also convicted Mr. Tilley of first degree rape and immoral acts with a child involving victim, GB, and two counts of immoral acts with a child for incidents involving victim, SK. Although Mr. Tilley argues generally that the victims' testimony was imprecise as to the dates of the assaults, he does not examine the trial evidence and/or explain with specificity how it was inadequate. Thus, we will not further address his vague allegations that the evidence as to the dates of the crimes was insufficient. *See generally Smith v. State,* 2009 WY 2, ¶ 52 n. 5, 199 P.3d 1052, 1067 n. 5 (Wyo.2009) (stating we do not consider arguments not supported by cogent argument or citation to pertinent authority). The only other argument he makes is that GB's and SK's testimony was uncorroborated and, because he testified and specifically denied the charges, there was reasonable doubt as to his guilt. Wyoming law specifically states: "Corroboration of a victim's testimony is not necessary to obtain a conviction for sexual assault." Wyo. Stat. Ann. § 6–2–311 (Lexis-Nexis 2011). It was the jurors' task to weigh the evidence and determine whether they found the victims or Mr. Tilley more credible. The jury obviously accepted the victims' testimony over Mr. Tilley's and there is no basis for us to question its decision.

[¶ 18] Affirmed.