2012 WY 136

**Juan Carlos Valdez VENEGAS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–12–0025.**

Supreme Court of Wyoming.

Oct. 30, 2012.

Representing Appellant: Bert T. Ahlstrom Jr., Cheyenne, WY.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jeffrey Pope, Assistant Attorney General.

Before KITE, C.J., and GOLDEN *, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶1] After being charged with driving while under the influence, Juan Carlos Valdez Venegas (Venegas) appeals a district court's denial of his motion to suppress based upon his contention that the officer's stop was based upon an improper anonymous informant. Additionally, Venegas asserts that there was insufficient evidence for a jury to convict him. We affirm.

## ISSUES

[¶2] Venegas states three issues:

1. Whether the decision of the lower court to deny the motion to suppress of the

---

* Justice Golden retired effective September 30, 2012.

defendant was in error, or constituted an abuse of discretion, and/or was arbitrary and capricious under the facts and circumstances of this case.

2. Whether there was sufficient evidence to convict the defendant of the charge of driving while under the influence, as applied to him, and under the facts and circumstances of this case.

3. Whether the trial court erred in denying [Venegas's] motion for new trial in light of the insufficiency of evidence adduced at trial.

### FACTS

[¶ 3] On March 17, 2011, while on foot patrol, a Laramie police officer was approached by a female who reported that Venegas had been drinking at the Buckhorn Bar, was "wasted," and was about to drive away in his vehicle.

[¶ 4] The police officer located Venegas's vehicle as it was pulling away. The officer shined his flashlight at the driver, who nearly hit the officer. Venegas was instructed to stop, which he did. Upon contacting Venegas, the officer noted signs of intoxication, including Venegas's difficulty exiting the vehicle and his inability to comply with simple instructions for field sobriety tests. Venegas ultimately refused to take the field sobriety tests and portable breath testing. Venegas was then arrested and taken to the Albany County Detention Center, where he also refused chemical testing.

[¶ 5] Venegas was charged with a felony DUI, his fourth. He filed a motion to suppress, claiming that his stop and arrest were unconstitutional because the officer's actions were based upon a tip from an unidentified informant. The motion was denied, and the case was tried before a jury on September 2, 2011. After the jury found Venegas guilty, he filed a motion for new trial, which the court denied. He was sentenced to 18–24 months, and this appeal followed.

### DISCUSSION

[¶ 6] In his first issue, Venegas argues that the district court erred in denying his motion to suppress, complaining that the arresting police officer relied upon the tip of an unknown, unidentified female who approached him on the street. Venegas contends that just because an officer is told someone is intoxicated does not make it so. The State responds that the police officer had reasonable suspicion that Venegas was drunk, based upon a tip from a citizen informant, and the fact that Venegas nearly hit the officer with his vehicle before being ordered to stop.

[¶ 7] In reviewing a trial court's ruling on a motion to suppress evidence, we do not interfere with the trial court's findings of fact unless the findings are clearly erroneous. *McGarvey v. State,* 2009 WY 8, ¶ 12, 200 P.3d 785, 789 (Wyo.2009).

> We view the evidence in the light most favorable to the trial court's determination because the trial court has an opportunity at the evidentiary hearing to assess the credibility of the witnesses, weigh the evidence, and make the necessary inferences, deductions, and conclusions.

*Id.* The constitutionality of a particular search is a question of law that we review *de novo. Sam v. State,* 2008 WY 25, ¶ 9, 177 P.3d 1173, 1176 (Wyo.2008); *Fenton v. State,* 2007 WY 51, ¶ 5, 154 P.3d 974, 976 (Wyo. 2007) (quoting *Pena v. State,* 2004 WY 115, ¶ 25, 98 P.3d 857, 869 (Wyo.2004)).

[¶ 8] The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures. U.S. Const., amend. IV. A routine traffic stop constitutes a seizure within the meaning of the Fourth Amendment "even though the purpose of the stop is limited and the resulting detention quite brief." *Damato v. State,* 2003 WY 13, ¶ 9, 64 P.3d 700, 704 (Wyo.2003) (quoting *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979)). Because a traffic stop is more analogous to an investigative detention than a custodial arrest, the reasonableness of such stops is analyzed under the two-part test articulated in *Terry v. Ohio,* 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968):(1) whether the initial stop was justified; and (2) whether the officer's actions during the detention were "reasonably relat-

ed in scope to the circumstances that justified the interference in the first instance." *Damato,* ¶ 9, 64 P.3d at 705.

[¶ 9]   A stop is justified when an officer can show specific, articulable facts and rational inferences giving rise to a reasonable suspicion that a person has committed or may be committing a crime. *Lovato v. State,* 2012 WY 10, ¶ 10, 269 P.3d 426, 429 (Wyo. 2012).   Reasonable suspicion is a lower standard than probable cause and requires a fact-centered inquiry based upon the "totality of the circumstances." *Fender v. State,* 2003 WY 96, ¶ 13, 74 P.3d 1220, 1225 (Wyo.2003). Reasonable suspicion can come from the officer's personal observations or from information provided by an informant. *Orchard v. State,* 2011 WY 145, ¶ 12, 262 P.3d 197, 201 (Wyo.2011).   Reliance upon an informant's tip is reasonable if the tip contains "sufficient 'indicia of reliability' " such as predicting another person's future behavior, relating to specific information showing the informant's knowledge of that person's affairs, and so long as the police can corroborate some portion of the tip. *Id.; Buckles v. State,* 998 P.2d 927, 930 (Wyo.2000).   A tip from an identified informant is generally regarded as more reliable than one from an anonymous informant because identification exposes the person to possible prosecution if the report proves false. *McChesney v. State,* 988 P.2d 1071, 1076 (Wyo.1999).   We expanded on this thinking in *McChesney* and explained that "[t]he tip [from] an anonymous informant is unlike that of an identified citizen-informant. The latter tips are higher on the reliability scale because an identified informant exposes himself to possible criminal and civil prosecution if the report is false." *Id.*

[¶ 10]   In the instant case, the officer encountered a citizen, face-to-face, who gave him information that Venegas was about to drive drunk.   The informant also pointed to Venegas's truck, which was parked near the Buckhorn Bar. The informant conveyed specific facts about Venegas, and she accurately predicted his future behavior. The face-to-face nature of the officer's encounter with the citizen-informant enhances the reliability of her information because by approaching the officer in person, she subjected herself to

potential consequences if she was lying. However, the informant was not lying, as the officer corroborated most of her information even before he approached Venegas's truck—the truck's lights were activated, a man was behind the wheel, and the driver almost hit the officer.

[¶ 11]   The officer's further observations lent credibility to the informant's story and provided him with defined articulable facts to justify a stop.   After almost hitting the officer with his truck, Venegas stopped his vehicle and the officer approached.   Almost immediately, the officer smelled alcohol and noticed Venegas's red, glassy eyes and blood on his shirt and hands.

[¶ 12]   We cannot, as Venegas so urges this Court, treat this set of facts similarly to *McChesney,* where this Court held that a stop was unconstitutional because it was based upon an anonymous REDDI report which contained only the description of the car, but did not predict any future behavior. *Id.,* 988 P.2d at 1076–1080. The informant in this case did not provide her name, but that does not make her anonymous.   Instead, this case is similar to *Robison v. State,* 2011 WY 4, 246 P.3d 259 (Wyo.2011), where police received a REDDI report from an employee of Sundance Lounge who indicated that a drunk patron had just left the bar, and then described the patron's vehicle.   This Court held that the stop was constitutional because the informant was not anonymous and police were able to almost immediately corroborate the information. *Id.,* ¶ 6, 246 P.3d at 262. Here, the officer spoke to the informant in person, and Venegas was not stopped solely upon the tip provided by the informant—the officer actually observed Venegas almost hit him prior to the stop being initiated.   The totality of the circumstances in this case created reasonable suspicion that Venegas was committing a crime.   The motion to suppress was properly denied.

[¶ 13]   Venegas's second claim on appeal is that the evidence presented at trial was insufficient for the jury to find him guilty beyond a reasonable doubt.   In reviewing a sufficiency of the evidence claim, this Court examines all the evidence and

accepts as true the State's evidence and all reasonable inferences that can be drawn from it. *Anderson v. State*, 2009 WY 119, ¶ 6, 216 P.3d 1143, 1145 (Wyo.2009). The Court does not consider conflicting evidence presented by the defense, nor does it substitute its judgment for that of the jury. *Id.* Evidence is reasonably sufficient if a jury could have "reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt." *Id.*

[¶ 14] After reviewing the record in its entirety, we conclude that there was sufficient evidence to convict Venegas. Venegas was charged with driving under the influence in violation of Wyo. Stat. Ann. § 31–5–233(b)(iii)(A) (LexisNexis 2011). Thus, the State was tasked with proving that Venegas drove or had actual control of his vehicle, that he was incapable of safely driving, and that he was under the influence of alcohol. Fulfilling elements one and two for the State, the arresting officer testified that he saw Venegas driving and that Venegas nearly hit him, almost driving his vehicle over the curb while parking. Circumstantial and testimonial evidence satisfied the final element that Venegas was under the influence of alcohol. The officer testified that in his experience as a certified drug recognition expert and standardized field sobriety test instructor, Venegas was intoxicated. Furthermore, Venegas had red, glassy eyes, inability to walk or stand still, slurred speech, inability to comply with instructions, and emanated a strong odor of alcohol. This provided the jury with ample evidence to convict Venegas of DUI, and we will not disturb that on appeal.

[¶ 15] In his final argument, Venegas asserts without analysis or citation that the district court abused its discretion when it denied Venegas's motion for a new trial because the evidence was insufficient. Venegas does not provide any legal analysis or cogent argument to support his claim; consequently, we decline to address it. *See Seid v. Seid,* 2001 WY 137, ¶ 16, 36 P.3d 1167, 1177 (Wyo. 2001) (stating that we do not consider issues not supported by citation to pertinent authority or cogent argument).

**CONCLUSION**

[¶ 16] The district court's denial of Venegas's motion to suppress is affirmed. Furthermore, there was substantial evidence for a jury to convict Venegas at trial. We affirm.