2010 WY 130

**Sally Jo GRANZER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–09–0161.

Supreme Court of Wyoming.

Sept. 29, 2010.

---

Representing Appellant: Diane Lozano, Wyoming State Public Defender; Tina Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel; Wyoming Public Defender Program. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

* Chief Justice at time of oral argument

GOLDEN, Justice.

[¶ 1] A jury convicted Appellant Sally Joe Granzer of child endangerment for knowingly and willfully permitting a child to enter and remain in a dwelling wherein methamphetamine was stored. Granzer seeks reversal of that conviction on grounds of insufficient evidence, double jeopardy, and evidentiary error. We will affirm.

## ISSUES

[¶ 2] Granzer presents these issues:

I. Should the trial court have granted the motion for judgment of acquittal at the close of the State's case and was the evidence presented at trial sufficient to support the jury's verdict?

II. Did the trial court err in declining to dismiss for double jeopardy?

III. Did the trial court err in denying the motion for mistrial?

## FACTS

[¶ 3] Around 11:00 o'clock on the morning of October 10, 2006, Deputies Tony Seeman and Trevor Osborn of the Campbell County Sheriff's Office accompanied officials from the Department of Family Services (DFS) to Granzer's trailer home in Gillette to investigate Granzer's suspected involvement with methamphetamine. Granzer, her roommate, Melissa Selfe, and Selfe's two-year-old daughter, GL, were present when the deputies and DFS officials arrived. During a search of the residence, the deputies found several items of drug paraphernalia, including numerous pipes and a light bulb used to smoke methamphetamine, and several Ziploc baggies. All of the items contained methamphetamine residue. The deputies also found a baggie containing a quantifiable amount of methamphetamine in crystalline form hidden in a recliner where Granzer was sitting during the search.

[¶ 4] Granzer was arrested and later charged with one count of felony child endangerment under Wyo. Stat. Ann. § 6–4–405(a)(iii) (LexisNexis 2009), for permitting GL to be present in her home at the time methamphetamine was being stored. In August 2007, a jury convicted Granzer on the charged crime, and she received a suspended prison sentence of 18 to 36 months. We reversed Granzer's conviction because of an instructional error and remanded the case for a new trial. *Granzer v. State,* 2008 WY 118, ¶¶ 20–22, 193 P.3d 266, 272 (Wyo.2008) (*Granzer I* ).

[¶ 5] On remand, Granzer moved to dismiss the criminal action on double jeopardy grounds. Granzer contended that she was being placed twice in jeopardy for the same offense because she had already been convicted of misdemeanor possession of a controlled substance under Wyo. Stat. Ann. § 35–7–1031(c)(i)(C) (LexisNexis 2009) stemming from the events of October 10, 2006, a crime she claimed constituted a lesser-included offense of the charged felony child endangerment offense. The district court rejected Granzer's double jeopardy claim and denied the motion to dismiss.

[¶ 6] Granzer's trial commenced on March 16, 2009. At the close of the State's case, Granzer moved for judgment of acquittal alleging the State had failed to provide sufficient evidence proving all of the elements necessary for conviction on the charged offense. The district court denied the motion, and Granzer proceeded to present evidence in defense of the charge. On March 17, a jury once again convicted Granzer of child endangerment. The district court imposed the original 18– to 36–month prison sentence, which it then suspended in favor of four years of supervised probation. This appeal ensued. Additional facts will be set forth in our discussion of the issues.

## DISCUSSION

### *Sufficiency of the Evidence*

[¶ 7] Granzer questions the legal sufficiency of the evidence supporting her conviction. Subsumed in her argument is a challenge to the adequacy of the evidence at the close of the State's case and, thus, the propriety of the district court's denial of her motion for judgment of acquittal. As noted above, Granzer introduced evidence in her defense after the district court denied her motion. We have previously held that a

defendant's introduction of evidence following the denial of a judgment of acquittal motion at the conclusion of the State's case constitutes a waiver of that motion, thereby precluding appellate review of the trial court's ruling. *Butcher v. State,* 2005 WY 146, ¶¶ 12, 14, 123 P.3d 543, 548 (Wyo.2005); *Robinson v. State,* 11 P.3d 361, 368 (Wyo. 2000); *Hodges v. State,* 904 P.2d 334, 339 (Wyo.1995). Consistent with this precedent, we hold that Granzer waived her right to challenge the propriety of the district court's denial of her motion in this appeal.[1]

 [¶ 8] We now turn our attention to Granzer's claim that the trial evidence as a whole is insufficient to support her conviction. When reviewing a sufficiency of the evidence claim, we must determine whether the evidence and any reasonable inferences drawn from it, when viewed in the light most favorable to the State, are adequate to permit the trier of fact to find guilt beyond a reasonable doubt. *Granzer,* ¶ 23, 193 P.3d at 273; *Dettloff v. State,* 2007 WY 29, ¶ 23, 152 P.3d 376, 383 (Wyo.2007); *Statezny v. State,* 2001 WY 22, ¶ 15, 18 P.3d 641, 645 (Wyo. 2001). The jury has the responsibility to resolve conflicts in the testimony, weigh the evidence and draw reasonable inferences from the facts. *Sotolongo–Garcia v. State,* 2002 WY 185, ¶ 11, 60 P.3d 687, 689 (Wyo. 2002). We will not substitute our judgment for that of the jury; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have found the essential elements of the crime were proven beyond a reasonable doubt. *Conine v. State,* 2008 WY 146, ¶ 5, 197 P.3d 156, 159 (Wyo.2008); *Grissom v. State,* 2005 WY 132, ¶ 24, 121 P.3d 127, 136 (Wyo.2005).

[¶ 9] Granzer was convicted of child endangerment under Wyo. Stat. Ann. § 6–4–405(a)(iii) (LexisNexis 2009), which states in pertinent part: "no person shall knowingly and willfully ... permit any child to ... [e]nter and remain in a ... dwelling ... that the person knows is being used to ... store methamphetamines." At trial, and in accordance with the statute, the district court instructed the jury that it should not convict Granzer unless it found the following elements were proven beyond a reasonable doubt:

1. On or about the 10th day of October, 2006;

2. In Campbell County, Wyoming;

3. The Defendant, Sally Jo Granzer;

4. Knowingly and willfully permitted;

5. A child (GL);

6. To enter and remain in a dwelling;

7. That the Defendant knew was being used to store methamphetamines.

[¶ 10] In attacking her conviction, Granzer does not challenge the adequacy of the evidence proving that methamphetamine was stored in her trailer. Nor does she claim the evidence failed to prove she knew of the drug's presence. Rather, her complaint concerns whether sufficient evidence was presented to support the jury's determination that she knowingly and willfully permitted GL to enter and remain in the residence on October 10, 2006.

[¶ 11] At trial, Deputy Seeman testified that on the morning of October 10, Granzer informed him that both Melissa Selfe and GL were present in the trailer. He also testified it appeared GL had been staying with her mother at the trailer. In addition, Selfe testified that, although GL resided elsewhere, she occasionally babysat GL during the day. Selfe testified that Granzer knew about her babysitting responsibilities, knew it was possible GL could be in the trailer at any time, and knew GL had been at the trailer with Selfe on October 1. Based on this testimony, the jury could have rationally concluded that Granzer had, for some time, extended permission for GL to enter and remain in the trailer for such purposes. The jury could also have reasonably inferred from Granzer's knowledge of GL's presence that she had at least tacitly given permission for

---

1. We recognize that in *Martin v. State,* 2007 WY 2, ¶¶ 30–34, 149 P.3d 707, 714–15 (Wyo.2007), we deviated from the waiver rule and considered a challenge to the denial of a motion for judgment of acquittal under similar circumstances utilizing the plain error standard of review. We conclude that our application of the plain error analysis in *Martin* was in error. In future cases, as in this case, we will give effect to the waiver principle and decline to consider such claims.

the child to visit and stay with her mother. Although no direct evidence was presented that Granzer expressly consented to GL's presence in the trailer on October 10, the statute does not require that a defendant give express consent or permission for a child to enter and remain in a dwelling, nor does it require that the permission be given at the exact time the child enters and remains in the dwelling. We find sufficient evidence exists to support the jury's guilty verdict.

### Double Jeopardy

■ [¶ 12] Granzer maintains her prosecution for felony child endangerment violated the double jeopardy provisions of the Wyoming and United States Constitutions, and she faults the district court for denying her motion to dismiss the criminal charge. In particular, Granzer contends she was twice placed in jeopardy for the same offense when she was prosecuted for child endangerment after she had been convicted of misdemeanor possession of a controlled substance stemming from the same methamphetamine found in her trailer on October 10. In support of this contention, Granzer argues that misdemeanor possession of methamphetamine is a lesser-included offense of the crime of child endangerment. As such, she claims that she could not later be prosecuted separately for the greater child endangerment offense. We examine *de novo* the question of whether Granzer's constitutional right was violated in this instance. *Daniel v. State*, 2008 WY 87, ¶ 7, 189 P.3d 859, 862 (Wyo.2008).

■ [¶ 13] The Fifth Amendment to the United States Constitution and Article 1, Section 11 of the Wyoming Constitution guarantee that a person will not be placed twice in jeopardy for the same offense. Although the language of the two provisions differs slightly, we have recognized that they "have the same meaning and are coextensive in application." *Umbach v. State*, 2002 WY 42, ¶ 8, 42 P.3d 1006, 1008 (Wyo.2002). Under both provisions, we look to the statutory elements test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), to determine whether an offense is a lesser-included of-

fense of another and whether an accused has been impermissibly prosecuted twice for the same offense. That test is articulated as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Pope v. State*, 2002 WY 9, ¶ 15, 38 P.3d 1069, 1072 (Wyo.2002) (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182); *see also State v. Keffer*, 860 P.2d 1118, 1129–30 (Wyo.1993). Under the *Blockburger* test, an offense is a lesser-included offense if its elements are a subset of the elements of the greater offense. *Keffer*, 860 P.2d at 1134. If the offense includes an element which the greater offense does not, it is not a lesser-included offense. *Id.* Whatever the sequence may be, double jeopardy forbids successive prosecution of a criminal defendant for a greater and lesser-included offense. *Daniel*, ¶ 8, 189 P.3d at 862; *Keffer*, 860 P.2d at 1129; *see also Ohio v. Johnson*, 467 U.S. 493, 501, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984); *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977).

[¶ 14] With these legal principles in mind, we now consider whether the tenets of double jeopardy were transgressed in this instance. The crime of child endangerment under § 6-4-405, as charged in this case, states in relevant part:

> (a) Notwithstanding W.S. 6-4-403(b)(iv), no person shall knowingly and willfully ... permit any child to:
>
> * * * *
>
> (iii) Enter and remain in a ... dwelling ... that the person knows is being used to ... store methamphetamines[.]

The crime of misdemeanor possession of a controlled substance under § 35-7-1031 upon which Granzer was convicted states in pertinent part:

> (c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a

valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection:

> (i) And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor.... For purposes of this paragraph, the amounts of a controlled substance are as follows:
>
> * * * *
>
> (C) For a controlled substance in powder or crystalline form, no more than three (3) grams[.]

[¶ 15] A comparison of the above statutory language makes it obvious that the elements of misdemeanor possession of a controlled substance are not a subset of the elements of the crime of child endangerment. Significantly, misdemeanor possession requires that the offender possess a controlled substance. The crime of child endangerment contains no such requirement but, rather, simply requires the offender to have knowledge of its contemporaneous storage in the same dwelling as a child. Additionally, misdemeanor possession pertains to any controlled substance in powder or crystalline form, whereas child endangerment requires that the controlled substance be methamphetamine. Given the difference in elements and the proof required, it is clear that misdemeanor possession of a controlled substance is not a lesser-included offense of child endangerment. Consequently, Granzer's prosecution for child endangerment was not barred by the principles of double jeopardy.

[¶ 16] Despite the fact misdemeanor possession of a controlled substance contains elements not found in the crime of child endangerment, Granzer maintains misdemeanor possession is a lesser-included offense because this Court's decision in *Granzer I* extended the child endangerment statute to include simple possession of methamphetamine in the same room or dwelling as a child and held that mere possession constituted storage under the stat-

ute. We reject Granzer's argument for two reasons. First, it mischaracterizes our holding in *Granzer I.* Second, it appears to be nothing more than a request for this Court to consider the underlying facts and the evidence used to prove the elements of the separate offenses. However, the focus of the *Blockburger* test is not, as Granzer would have it, on the similarity of the evidence relied on to prove the elements of the offenses but on the elements themselves.[2] *Keffer,* 860 P.2d at 1130; *Nowack v. State,* 774 P.2d 561, 568 (Wyo.1989).

### Denial of Motion for Mistrial

[¶ 17] In her final argument, Granzer contends the district court erred in refusing to grant a mistrial after the prosecutor elicited testimony from Melissa Selfe during cross-examination that she had been convicted of child endangerment stemming from the same events underlying the charge for which Granzer was on trial. Granzer's contention of error challenges a discretionary decision of the district court. *Thomas v. State,* 2006 WY 34, ¶ 10, 131 P.3d 348, 352 (Wyo.2006). We will not disturb that decision absent a clear finding of an abuse of discretion and resulting prejudice. In determining whether an abuse of discretion occurred, our primary focus is the reasonableness of the district court's decision under the circumstances. *Id.*

[¶ 18] Granzer's condemnation of the district court's ruling is premised on the mistaken belief that Selfe's testimony violated the rule of *Kwallek v. State,* 596 P.2d 1372 (Wyo. 1979), and its progeny. In *Kwallek,* we held that when two persons are indicted for separate offenses arising out of the same circumstances, the fact that one has pleaded guilty is inadmissible against the other. *Kwallek,* 596 P.2d at 1375. Essentially, the *Kwallek* rule precludes the State from presenting evidence of a confederate's conviction on a related offense as circumstantial evidence of the defendant's guilt. That prohibition, however, applies only to conviction evidence offered by the State in its case-in-chief. *Roden v. State,*

---

**2.** Granzer also seemingly suggests that the evidence would support a merger of the two offenses for sentencing purposes under *Bilderback*

*v. State,* 13 P.3d 249 (Wyo.2000). However, Granzer does not develop this issue so we will not further consider it.

2010 WY 11, ¶ 22, 225 P.3d 497, 503 (Wyo. 2010); *KP v. State*, 2004 WY 165, ¶ 18, 102 P.3d 217, 223 (Wyo.2004); *Porth v. State*, 868 P.2d 236, 241 (Wyo.1994); *Grable v. State*, 601 P.2d 1001, 1003 (Wyo.1979); *Kwallek*, 596 P.2d at 1375–76. We have never extended the *Kwallek* rule to encompass conviction evidence elicited during the State's cross-examination of a defense witness which may otherwise be admissible, for example, under W.R.E. 609 [3] to impeach the witness' credibility. *See, e.g., Porth*, 868 P.2d at 241.

[¶ 19] In denying Granzer's motion for mistrial, the district court recognized the limited reach of the *Kwallek* rule and its inapplicability to Selfe's testimony. The district court found that the evidence concerning Selfe's child endangerment conviction was admissible under the strictures of W.R.E. 609 for the limited purpose of impeaching Selfe's credibility, a finding that Granzer does not specifically challenge in this appeal. In addition, the district court determined that the conviction evidence was not sufficiently prejudicial to warrant a mistrial, and that any potential prejudice flowing from that evidence was adequately addressed by the limiting instruction it had furnished to the jury, which stated:

> Ladies and Gentlemen of the jury: you have heard evidence that Melissa Selfe, a witness in this case, was a defendant in two prior cases and that she was convicted of two felonies. This evidence of convictions was admitted for very limited purposes. Specifically, the evidence was admitted so that you may assess the credibility of this witness as part of your duty in assessing the credibility of each and every witness who has appeared in this case. Under no circumstances should the evidence of these convictions be used by you as evidence of the guilt of the Defendant.

[¶ 20] After careful review, we cannot say that the district court abused its discretion in reaching these conclusions. Consequently, we cannot conclude that the district court

3. W.R.E. 609, "Impeachment by evidence of conviction of crime," permits the introduction of conviction evidence for purposes of attacking the

abused its discretion in denying the mistrial motion.

**CONCLUSION**

[¶ 21] We hold that sufficient evidence exists to sustain Granzer's conviction for child endangerment. We also hold that the district court did not abuse its discretion in denying Granzer's motion for mistrial and her motion to dismiss the criminal charge. Affirmed.

credibility of a witness if certain conditions are satisfied.