FILED
United States Court of Appeals
Tenth Circuit

December 30, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GARY LEE BELDEN,

        Plaintiff - Appellant,

v.

ROBERT O. LAMPERT, Director,
Wyoming Department of Corrections,
in his individual and official capacity,

        Defendant - Appellee.

No. 11-8079

(D. Wyoming)

(D.C. No. 2:11-CV-00217-ABJ)

ORDER AND JUDGMENT[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

On December 4, 2000, Gary Lee Belden was sentenced in Wyoming state

court to life imprisonment after being convicted of first-degree murder and first-

degree sexual assault.  He was transferred to an out-of-state prison in August

2003, shortly after his conviction was affirmed by the Wyoming Supreme Court

in *Belden v. State*, 73 P.3d 1041 (Wyo. 2003), *cert. denied*, *Belden v. Wyoming*,

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

540 U.S. 1165 (2004). On June 10, 2011, Mr. Belden, then a prisoner at the Wyoming State Penitentiary, brought suit under 42 U.S.C. § 1983 in the United States District Court for the District of Wyoming, alleging that Robert O. Lampert, Director of the Wyoming Department of Corrections, had violated his constitutional right to access to the courts while he was incarcerated outside Wyoming. Director Lampert moved to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and the court granted the motion. Mr. Belden appeals. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo the court's dismissal. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). We accept as true all well-pleaded factual allegations in the complaint, *see id.*, and also consider documents referenced in the complaint and matters amenable to judicial notice, *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). These facts then must state a claim that is plausible on its face. *See id.* at 1184.

Mr. Belden's complaint alleges that he was denied access to the courts guaranteed by the Fourteenth Amendment because the libraries and legal assistance in the out-of-state prisons were inadequate for him to pursue litigation in Wyoming state court from August 2003 to 2010. In assessing an access-to-the-courts claim, however, we must recognize that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental

constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal quotation marks omitted). Although the right to bring constitutional claims in court may depend on access to legal materials and assistance, the state is not required to "enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Id.* at 354. Instead, the standard for whether the government has met its obligation is whether it conferred "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. In other words, the "main concern . . . is protecting the ability of an inmate to prepare a petition or complaint." *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (internal quotation marks omitted). Moreover, the contemplated litigation must be legitimate. *See Lewis*, 518 U.S. at 353 n.3. The Constitution does not guarantee access to the courts to file frivolous claims. *See id.* Thus, Mr. Belden must allege (and ultimately show) that he "was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee,* 627 F.3d at 1191.

Judicial records of which the district court could take judicial notice appear to undermine Mr. Belden's claim. During the period when he claims to have been denied access to the courts, he engaged in a good deal of litigation, both pro se and with counsel. He filed a habeas application under 28 U.S.C. § 2254 in Wyoming federal district court on July 19, 2004 (an attorney was appointed to

represent him on September 20, 2005).  The application was denied on November 22, 2006, and his attorney appealed; but we affirmed on October 16, 2007.  *See Belden v. Wyo. Dept. of Corr.*, 251 F. App'x 512 (10th Cir. 2007).  In addition, he filed unsuccessful pro se postconviction petitions in the Supreme Court of Wyoming on October 30, 2008; August 12, 2009; and October 14, 2009.  And his attorney filed petitions for writs of certiorari in the United States Supreme Court on December 2, 2003, and December 28, 2007.  *See Belden*, 540 U.S. 1165 (2004)*; Belden v. Wyoming*, 552 U.S. 1281 (2008).

Nevertheless, Mr. Belden appears to be asserting that he was handicapped in pursuing litigation in the following respects:  (1) his petitions filed in the Wyoming Supreme Court were denied because he received misinformation; (2) he did not file a timely petition for state postconviction relief because he did not know that he was required to exhaust his remedies in state court before pursuing federal relief; and (3) the state did not provide him a transcript of his trial until a month after his state postconviction claims became time-barred.  His pleadings in this court are hard to understand, but they appear to assert that the meritorious claims he wished to raise were claims that his appellate counsel on direct appeal to the Wyoming Supreme Court was ineffective in presenting (or failing to present) his challenges to his convictions on the grounds of judicial misconduct, prosecutorial misconduct, and improper solicitation of testimony of guilt and hearsay evidence from a witness.

We can take judicial notice, however, of court records and statutes that demonstrate that any impediments to Mr. Belden's pursuit of litigation did not violate his right of access to the courts because he has failed to show that he had a nonfrivolous claim. He could not have prevailed on the three claims of ineffective assistance of appellate counsel because the issues that his counsel allegedly pursued ineffectively— judicial misconduct, prosecutorial misconduct, and improper solicitation of testimony of guilt and hearsay evidence—had been raised in his direct appeal, were rejected by the Wyoming Supreme Court, *see Belden*, 73 P.3d at 1050–1082, 1086–89, and were again rejected in his federal habeas proceedings.

Mr. Belden suggests only one respect in which his state appellate counsel inadequately presented these three claims. With respect to his claim of improper solicitation of an opinion of guilt and hearsay, he points out that the Wyoming Supreme Court reviewed the claim only for plain error because Mr. Belden's counsel had not objected at trial. *See id.* at 1087. He contends that his attorney actually did object, so his appellate attorney must have failed to alert the Wyoming Supreme Court to that important fact. In support, he relies on a transcript of a portion of the trial, which shows that his attorney raised an objection. But the transcript does not help him. Even if the objection was to the improper questioning challenged on appeal (a dubious proposition), we note that the trial court sustained the objection. Because Wyoming courts presume that

juries follow a court's instructions, *see Martin v. State*, 149 P.3d 707, 713 (Wyo. 2007), *abrogated on other grounds by Granzer v. State*, 239 P.3d 640 (Wyo. 2010), the Wyoming Supreme Court would surely have rejected Mr. Belden's claim of error on the ground that the jury presumably ignored the stricken testimony. It was actually to Mr. Belden's advantage for the court to consider his claim of error on the assumption that there had been no objection rather than to be informed that an objection to the evidence had been sustained at trial. We therefore conclude that Mr. Belden has failed to satisfy his burden of alleging a nonfrivolous claim of ineffective assistance of appellate counsel.

Hence, the district court properly dismissed Mr. Belden's access-to-court claim, because he failed to show that he had a nonfrivolous claim that he was hindered in pursuing while incarcerated outside Wyoming. Ordinarily, the district court should permit a pro se litigant to amend an inadequate complaint. *See Gee*, 627 F.3d at 1195. But Mr. Belden did not seek to amend his complaint in district court, he does not argue in this court that he should have been allowed to amend, nor can we imagine any amendment that would allow his claims to survive a motion to dismiss. Indeed, his claims are almost surely barred by claim and issue preclusion because of a judgment against him in Wyoming state court in a § 1983 suit that appears to raise the same claims. *See Belden v. Lampert*, 251 P.3d 325, 326 (Wyo. 2011). (We have no idea why the issue of preclusion was not raised in district court).

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge