# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 22

OCTOBER TERM, A.D. 2015

*February 24, 2016*

BRENTON MATTHEW DALEY,

Appellant
(Defendant),

v.                                                                      S-15-0159

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable W. Thomas Sullins, Judge*

***Representing Appellant:***
Office of the State Public Defender:  Diana Lozano, State Public Defender and Tina N. Olson, Chief Appellate Counsel.  Argument by Ms. Olson.

***Representing Appellee:***
Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Caitlin F. Young, Senior Assistant Attorney General;  Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; Bradford H. Coates, Student Director, and Matthew A. Walker, Student Intern.  Argument by Mr. Walker.

***Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.***

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Brenton Daley appeals his conviction of misdemeanor unlawful possession of a controlled substance (methamphetamine).  He claims that the State failed to present sufficient evidence of the quantity and form of the methamphetamine.  We will affirm.

## ISSUE

[¶2]    Brenton Daley presents one issue for our review:

> Was there insufficient evidence to convict [Daley], as there was no testimony as to the form (liquid, powder, crystalline, pill or capsule) of the controlled substance?

## FACTS

[¶3]    In September of 2014, the Casper Police Department responded to a report that a man was "acting strangely" near the railroad tracks, laying on the tracks, throwing his shoes around, and walking on the tracks. A subsequent search of the area led police to Brenton Daley.

[¶4]    Right away, the police observed that Mr. Daley was sweating, speaking "in a rapid manner," making "quick, jerky movements," and was not "making a whole lot of sense." The police immediately suspected Mr. Daley to be under the influence of something. After the police realized an active arrest warrant existed for Mr. Daley, they arrested him and confiscated a white plastic bag that was found at his feet.

[¶5]    The white plastic bag obtained by police contained a Crown Royal bag, inside of which was another black pouch. Inside the pouch was a broken glass pipe with residue. In the inspecting officer's opinion, the residue was consistent with methamphetamine. The residue was eventually tested by the Wyoming State Crime Laboratory and the results indicated positive for methamphetamine.

[¶6]    Based upon the positive results from the crime lab, Mr. Daley was then charged with one misdemeanor count of unlawful possession of a controlled substance in violation of Wyo. Stat. Ann. § 35-7-1031(c)(i).  Although only charged with a misdemeanor, if convicted, Mr. Daley would be guilty of felony possession because it would be his third misdemeanor conviction for the same offense.

[¶7]    On January 5, 2015, a jury found Mr. Daley guilty of unlawful possession of methamphetamine.  Because it was Mr. Daley's third or subsequent offense, he was sentenced to serve three and a half years to five years in prison with 228 days of credit for time served.  This appeal followed.

**DISCUSSION**

[¶8]   Mr. Daley argues there was insufficient evidence to convict him in that the State had the burden to show the *form* of the substance Mr. Daley was charged with possessing, and the State failed to meet its burden to show the form.  The State argues that because the quantity and form of the substance relate to the penalty phase, it was not required under the relevant statute to prove the exact form of the substance Mr. Daley was charged with possessing.   We apply a *de novo* standard of review to issues of statutory interpretation.  *DRW v. DLP (In re ARW)*, 2015 WY 25, ¶ 11, 343 P.3d 407, 410 (Wyo. 2015).

[¶9]   The statute we aim to interpret in this case is Wyo. Stat. Ann. § 35-7-1031(c) (LexisNexis 2015) which provides in relevant part:

> (c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. With the exception of dronabinol as listed in W.S. 35-7-1018(h), and notwithstanding any other provision of this act, no practitioner shall dispense or prescribe marihuana, tetrahydrocannabinol, or synthetic equivalents of marihuana or tetrahydrocannabinol and no prescription or practitioner's order for marihuana, tetrahydrocannabinol, or synthetic equivalents of marihuana or tetrahydrocannabinol shall be valid. Any person who violates this subsection:
>
>> (i)   And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor punishable by imprisonment for not more than twelve (12) months, a fine of not more than one thousand dollars ($1,000.00), or both. Any person convicted for a third or subsequent offense under this paragraph, including convictions for violations of similar laws in other jurisdictions, shall be imprisoned for a term not more than five (5) years, fined not more than five thousand dollars ($5,000.00), or both. For purposes of this paragraph, the amounts of a controlled substance are as follows:
>>> (A) For a controlled substance in plant form, no

2

more than three (3) ounces;

    (B) For a controlled substance in liquid form, no more than three-tenths (3/10) of a gram;

    (C) For a controlled substance in powder or crystalline form, no more than three (3) grams;

    (D) For a controlled substance in pill or capsule form, no more than three (3) grams;

    (E) For a controlled substance in the form of cocaine-based "crack" cocaine, no more than five-tenths (5/10) of a gram;

    (F) For a controlled substance known as LSD (Lysergic acid diethylamide), no more than three-tenths (3/10) of a gram.

[¶10] When interpreting statutes, we have said

> our objective is to give effect to the legislature's intent. We start with the plain meaning of the language chosen by the legislature and apply that meaning if the language is clear and unambiguous. *Id*. "A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability."

*Weber v. State*, 2011 WY 127, ¶ 12, 261 P.3d 225, 228 (Wyo. 2011).

[¶11] The parties in this case agree that the statute is unambiguous but they have different interpretations of its plain meaning. Mr. Daley argues that the inclusion of the form of the controlled substance at issue in the penalty provision of the statute requires that the State prove, as an essential element, the form that was possessed by a defendant. However, the State argues that the penalty provision is separate and does not add an element to the crime. Our reading of the statute supports the State's position.

[¶12] The statute at issue criminalizes the possession of any and all quantities of controlled substances in ***any and all forms*** "unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act." § 35-7-1031(c). The form and quantity are not elements of the crime of possession as charged in this case but instead a means of measurement as they relate to felony possession charges brought under Wyo. Stat. Ann. § 35-7-1031(c) (ii), (iii), and (iv) (LexisNexis 2015). The statute only denotes quantity and form of controlled substances to differentiate between misdemeanor and felony.

3

[¶13] Mr. Daley points us to *Granzer v. State,* 2010 WY 130, 239 P.3d 640 (Wyo. 2010) in support of his position. There, we held that misdemeanor possession of methamphetamine was not a lesser-included offense of child endangerment and stated:

> A comparison of the above statutory language makes it obvious that the elements of misdemeanor possession of a controlled substance are not a subset of the elements of the crime of child endangerment. … Additionally, misdemeanor possession pertains to any controlled substance in powder or crystalline form, whereas child endangerment requires that the controlled substance be methamphetamine. Given the difference in elements and the proof required, it is clear that misdemeanor possession of a controlled substance is not a less-included offense of child endangerment.

*Granzer,* ¶ 15, 239 P.3d at 646. While our discussion in *Granzer* does indicate that Wyoming Statutes do differentiate between child endangerment and possession, that differentiation that addresses quantity and form only point out that the child endangerment statute as charged in *Granzer* actually requires the offending substance in question to be methamphetamine. The possession statute is shown as requiring proof of different elements, none of which specify the form or substance. The plain language of the statute under which Mr. Daley was charged is determinative here.

[¶14] The statute's plain language is so determinative, in fact, that we conclude the State met its burden when it proved Mr. Daley "knowingly or intentionally possessed a controlled substance[.]" At trial, Officer Luke Iselin testified that a plastic bag was found in Mr. Daley's possession. Inside that plastic bag was a Crown Royal bag with a black leather pouch inside. The black leather pouch contained a pipe with "granules" in it. The officer further testified that he suspected that the pipe contained methamphetamine and accordingly conducted a preliminary test. A Wyoming State Crime Laboratory technician testified that the substance in the pipe was confirmed as methamphetamine. The officer's testimony, along with the formal tests proving the substance to be methamphetamine, supplies sufficient evidence in this case that Mr. Daley was in possession of a controlled substance.

## CONCLUSION

[¶15] Brenton Daley's conviction and sentence is affirmed.