2017 WY 115

Curtis Reginald **DRAKEFORD**,
Appellant (Defendant),

v.

The **STATE** of Wyoming,
Appellee (Plaintiff).

S-17-0018

Supreme Court of Wyoming.

September 28, 2017

Representing Appellant: Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Joshua C. Eames, Assistant Attorney General.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

BURKE, Chief Justice.

[¶1] Appellant, Curtis Drakeford, was convicted of one charge of domestic battery and one charge of strangulation of a household member after entering unconditional no contest pleas to both charges. On appeal, he contends that domestic battery is a lesser included offense of strangulation of a household member, and that his convictions and sentences for both crimes violated his constitutional protections against double jeopardy. We find that the two crimes arose from separate and distinct acts, and that Appellant has failed to establish a double jeopardy violation. Accordingly, we affirm.

### ISSUE

[¶2] Did the district court commit plain error when it convicted and sentenced Appellant for the crimes of domestic battery and strangulation of a household member?

### FACTS

[¶3] On January 25, 2016, the State filed a Felony Information charging Appellant with one count of strangulation of a household member and three counts of child endangerment. On February 1, 2016, the State filed a second Felony Information charging Appellant with domestic battery. The second Information asserted that Appellant had two prior convictions for domestic battery, subjecting him to enhanced penalties and elevating the charge to a felony. The district court later consolidated the two cases.

[¶4] Among the documents supporting the two charges were two nearly identical Affidavits of Probable Cause. The second affidavit differs from the first only in that it excludes a paragraph about the results of drug testing on the victim, it includes some minor wording changes, and it avers that Appellant had two previous domestic battery convictions. The affiant for both affidavits, a police officer,

stated that he and other officers were dispatched to Room 339 of a local hotel based upon reports of a "female screaming and a male telling her to be quiet." Arriving at the hotel, the officer saw a woman exit Room 339, followed closely by Appellant. The woman's "face was covered in blood," and Appellant had a "substantial amount of blood" on his hands. In response to questions from the officer, the woman reported that she refused Appellant's request to smoke methamphetamine with him, and he had hit her "in the face with both his left and right hand with a closed fist." Appellant then "placed his hands around her neck ... and started to apply pressure" so that she was "not able to breathe or make a sound." Appellant released her, and she moved from the bathroom to the main room, where he "took a beer bottle and began hitting her on top of the head."

[¶5] According to the affidavit, another officer "touched the top of [the woman's] head and stated that there were lumps consistent with her statements of being hit on the head with a beer bottle." This officer also observed "finger marks on the right side of [the woman's] neck consistent with her statements of [Appellant] placing his hands around her neck." Appellant was "placed under arrest for domestic battery and strangulation of a household member."

[¶6] Appellant and the State reached a plea agreement by which he would plead no contest to the charge of strangulation of a household member and to the charge of domestic battery. The State agreed to dismiss the three counts of child endangerment and to recommend no more than four years imprisonment for each count with concurrent sentences. The district court accepted the no contest pleas and found Appellant guilty of

strangulation of a household member and of domestic battery, third or subsequent offense. Appellant was sentenced to two to four years imprisonment on each count, the sentences to be served concurrently. This appeal followed.

### STANDARD OF REVIEW

[¶7] Appellant did not raise his double jeopardy claim in the district court. Accordingly, we review for plain error. *Montoya v. State*, 2016 WY 127, ¶ 6, 386 P.3d 344, 346 (Wyo. 2016). " 'Plain error exists when: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him.' " *Guy v. State*, 2008 WY 56, ¶ 9, 184 P.3d 687, 692 (Wyo. 2008) (quoting *Talley v. State*, 2007 WY 37, ¶ 9, 153 P.3d 256, 260 (Wyo. 2007)). "Under the plain error standard of review, we reverse a district court's decision only if it is so plainly erroneous that the judge should have noticed and corrected the mistake even though the parties failed to raise the issue." *Young v. State*, 2016 WY 70, ¶ 14, 375 P.3d 792, 796 (Wyo. 2016) (quoting *Masias v. State*, 2010 WY 81, ¶ 20, 233 P.3d 944, 950 (Wyo. 2010)).[1]

### DISCUSSION

[¶8] In this case, the State concedes that the error asserted by Appellant is clearly reflected in the record, which establishes that Appellant was convicted and sentenced for both strangulation of a household member and domestic battery. It also concedes that, if a double jeopardy violation occurred, Appellant suffered material prejudice because a "second conviction, even if it results in no greater sentence, is an impermissible

---

1. We note that Appellant entered no contest pleas to the charges of strangulation of a household member and domestic battery. A no contest plea, like a guilty plea, waives all non-jurisdictional defenses. *Bowlsby v. State*, 2013 WY 72, ¶ 5, 302 P.3d 913, 915 (Wyo. 2013); *Hagen v. State*, 2014 WY 141, ¶ 9, 336 P.3d 1219, 1222 (Wyo. 2014). We have previously recognized, however, that "the issue of double jeopardy is jurisdictional and may be raised at any time." *Redding v. State*, 2016 WY 41, ¶ 14, 371 P.3d 136, 140 (Wyo. 2016) (citing *Snow v. State*, 2009 WY 117, ¶ 13, 216 P.3d 505, 509 (Wyo. 2009) (citing *Taylor v. State*, 2003 WY 97, ¶ 11, 74 P.3d 1236, 1239 (Wyo. 2003))). On that basis, we conclude that Appellant did not waive his double jeopardy claim by pleading no contest to the charges. In contrast, another potential claim identified by Appellant—that the district court erred in denying his motion in limine to preclude the State's use of the recordings of his telephone calls from jail as evidence—is non-jurisdictional, and was waived by Appellant when he pled no contest to the charges.

punishment." *Bowlsby v. State*, 2013 WY 72, ¶ 7 n.2, 302 P.3d 913, 916 n.2 (Wyo. 2013) (quoting *Ball v. United States*, 470 U.S. 856, 865, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985)). The focus of this case, then, is whether the two convictions and sentences violate a clear and unequivocal rule of law.

[¶9] Appellant contends, and the State concedes, that domestic battery, as defined in Wyo. Stat. Ann. § 6-2-511(a) (Lexis-Nexis 2015) is a lesser included offense of strangulation of a household member, as defined in Wyo. Stat. Ann. § 6-2-509(a). To determine whether one crime is a lesser included offense of another, "we look to the statutory elements test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed 306 (1932)." *Granzer v. State*, 2010 WY 130, ¶ 13, 239 P.3d 640, 645 (Wyo. 2010). "Under the *Blockburger* test, an offense is a lesser-included offense if its elements are a subset of the elements of the greater offense." *Id.*

[¶10] Applying the *Blockburger* test, we have previously recognized that the crime of simple battery is a lesser included offense of the crime of strangulation of a household member:

> The parties seem to agree that the elements of battery in [Wyo. Stat. Ann.] § 6-2-501(b) are a subset of the elements of strangulation of a household member in § 6-2-509. To prove the crime of battery, the prosecution must establish the defendant (1) intentionally, knowingly or recklessly; (2) caused bodily injury; (3) to another person; (4) by use of physical force. Section 6-2-501(b). The crime of strangulation of a household member, as charged in this case, requires proof that the defendant (1) intentionally and knowingly; (2) caused bodily injury; (3) to the victim, who was a household member; (4) by impeding her normal breathing; (5) by applying pressure to her throat or neck. Section 6-2-509. The crimes of battery and strangulation of a

household member share the same mental element and require bodily injury by some type of physical force. Strangulation also requires proof that the victim was a household member and the defendant caused bodily injury by impeding the victim's normal breathing with the specific physical force of pressure to the throat or neck. The elements of the lesser crime (battery) are, therefore, a subset of the greater crime (strangulation).

*Nickels v. State*, 2015 WY 85, ¶ 18, 351 P.3d 288, 292–93 (Wyo. 2015). The only difference between the crime of simple battery and the crime of domestic battery is that the latter requires that the injured person be "another household member." Wyo. Stat. Ann. § 6-2-511(a). The crime of strangulation of a household member also requires that the victim be "a household member." Wyo. Stat. Ann. § 6-2-509(a). In addition, it requires that the victim be injured by strangulation, an element not included in the crime of domestic battery. Accordingly, the elements of the crime of domestic battery are a subset of the elements of the crime of strangulation of a household member. Domestic battery is a lesser included offense of the crime of strangulation of a household member.

[¶11] Appellant further asserts that punishing a defendant for both a greater offense and a lesser included offense violates the double jeopardy provisions of the Fifth Amendment to the United States Constitution and of Article 1, Section 11 of the Wyoming Constitution. *See Granzer*, ¶ 13, 239 P.3d at 645. The State does not dispute this assertion. We agree with Appellant that this represents a clear and unequivocal rule of law.

[¶12] However, the State claims that there was no violation of a clear and unequivocal rule of law in this case because Appellant's two convictions were based on two separate incidents. Relying on the facts averred in the affidavit in this case,[2] the State contends that

---

2. Because Appellant pled no contest to the two charges, the district court did not question him to establish a factual basis for his plea. *See Robinson v. State*, 2016 WY 90, ¶ 3, 378 P.3d 599, 602 (Wyo. 2016). Rather, the district court had to determine to its satisfaction that the record, including the affidavits supporting the charges, contained sufficient facts to support Appellant's no contest plea. *Id.*, ¶ 3 n.1, 378 P.3d at 602 n.1 ("The factual basis for the plea was provided to the satisfaction of the court and counsel by the original information and supporting affidavit.").

Appellant's conviction on the charge of domestic battery was based on his conduct when he "took a beer bottle and began hitting her on top of the head." His conviction on the charge of strangulation of a household member was based on his conduct when he "placed his hands around [the victim's] neck . . . and started to apply pressure" so that she was "not able to breathe or make a sound."

[¶13] In analyzing double jeopardy claims, we have recognized that when different criminal acts are at issue, "even though separated in time only by a few seconds, one offense by definition cannot be 'included' in the other." *Redding v. State*, 2016 WY 41, ¶ 45, 371 P.3d 136, 148 (Wyo. 2016) (quoting *Baum v. State*, 745 P.2d 877, 882 (Wyo. 1987)). We agree with the State that Appellant's two convictions were based on two different incidents. Appellant strangled the victim in the bathroom, then released her. The battery occurred in a different room, and while the record does not establish how much time elapsed between the strangulation and the battery, the actions were necessarily separated by some amount of time. Finally, the facts averred in the affidavit indicate two separate injuries to the victim: "finger marks on the right side of her neck" consistent with strangulation; and "lumps" on the top of her head consistent with being hit on the head with a beer bottle. We conclude, as we recently did in *Sam v. State*, 2017 WY 98, ¶ 85, 401 P.3d 834 (Wyo. 2017), "that the two charges [were] based on separate and distinct conduct, and therefore no double jeopardy issue is implicated."

[¶14] Affirmed.

Accordingly, we also look to the supporting affidavit to establish the facts necessary to analyze Appellant's double jeopardy claim.